

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD R. BUTCHER, ) | |
| ) | Civil Action No. 7:04CV00397 |
| Plaintiff ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant ) | |

The plaintiff, Donald R. Butcher, has filed this action challenging the final decision of the

Commissioner of Social Security finding that plaintiff has received an overpayment of social

security benefits. The provisions for recovery of an overpayment of social security benefits are

set forth under 42 U.S.C. § 404. Jurisdiction of this court is established pursuant to 42 U.S.C. §

405(g).

This court's review is limited to a determination as to whether there is substantial

evidence to support the Commissioner's final decision that plaintiff has received an overpayment

of benefits. If such substantial evidence exists, the final decision of the Commissioner must be

affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence

has been defined as such relevant evidence, considering the record as a whole, as might be found

adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389,

400 (1971).

Mr. Butcher filed an application for a period of disability and disability insurance benefits

in 1994. His claim was denied upon initial consideration and reconsideration. Plaintiff then

sought and received a de novo hearing and review before an Administrative Law Judge. In February 1999, the Law Judge found that Mr. Butcher became disabled for all forms of substantial gainful employment beginning on September 17, 1990. At the time he filed his application for benefits, Mr. Butcher was already receiving workers' compensation benefits based on a job-related accident in September 1990. In approving his claim for disability insurance benefits, the Administrative Law Judge noted that plaintiff's social security benefits would be subject to offset due to the receipt of the workers' compensation benefits. However, in a notice of award letter dated May 4, 1999, Mr. Butcher's benefits were computed without a workers' compensation offset. While plaintiff's attorney apparently notified the Social Security Administration that the computation was suspect, Mr. Butcher continued to receive unreduced benefits.

Sometime prior to the final adjudication of his disability insurance claim, Mr. Butcher settled his workers' compensation claim. Plaintiff had been receiving weekly workers' compensation benefits in the amount of $253.33. Based on the settlement finalized on April 7, 1995, Mr. Butcher received a monthly sum of $1,200.00, a lump sum amount payable in October 2001 of $11,110.00, and a lump sum amount payable in October 2005 of $22,950.00, plus $59,000.00 in attorneys fees. On November 7, 2001, the Social Security Administration sent plaintiff a detailed letter indicating that he had been overpaid social security benefits in the amount of $46,596.50, and that his future benefits would need to be adjusted as a result of his continuing receipt of workers' compensation benefits. Mr. Butcher requested a reconsideration of this recomputation. However, the finding of a recoupable overpayment was affirmed upon

2

Case 7:04-cv-00397-GEC   Document 16   Filed 05/11/05   Page 2 of 5   Pageid#: 41

reconsideration. Mr. Butcher then sought and received a de novo hearing and review before an Administrative Law Judge.

In an opinion dated May 15, 2003, the Administrative Law Judge also determined that plaintiff had been overpaid in the amount of $46,596.50, and that recovery of the overpayment could not be waived. Plaintiff had argued that some portion of the workers' compensation settlement was intended for future medical expenses, and should not have been offset against his social security benefits as compensation for lost wages. The Law Judge rejected this argument based on a reading of the settlement agreement. The Law Judge further found that Mr. Butcher was not without fault in causing the overpayment, and that recovery of the overpayment would not impose hardship, be against equity or good conscience, or defeat the remedial purposes of the Social Security Act. See, generally, 42 U.S.C. § 404(b).

Mr. Butcher then sought review by the Social Security Administration's Appeals Council. In a decision dated May 28, 2004, the Appeals Council upheld the Law Judge's determination that Mr. Butcher had been overpaid disability insurance benefits in the amount of $46,596.50. The Appeals Council set aside that portion of the Law Judge's opinion finding that recovery of the overpayment could not be waived. The Appeals Council noted that no "overpayment recovery questionnaire" had been completed, and that the questions surrounding waiver of the recovery had not been thoroughly developed. Thus, the issue currently before the court is whether there is substantial evidence to support the Commissioner's limited decision that Mr. Butcher has been overpaid disability insurance benefits in the amount of $46,596.50.

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Butcher was clearly

3

overpaid disability insurance benefits. It is well settled that the total of workers' compensation benefits plus social security disability benefits cannot exceed 80 percent of former earnings, and that social security benefits must be adjusted if the amount received exceeds that ceiling. See 20 C.F.R. § 404.408. It is undisputed that Mr. Butcher was so advised at the time he was found to be entitled to a period of disability and disability insurance benefits. (TR 125). As for the determination of the amount of overpayment, the court has reviewed the calculations of the Administrative Law Judge and finds them to be thorough and accurate. The court specifically notes that in computing the amount of the overpayment and reduction, the Law Judge properly excluded that portion of the settlement designated for legal services. See 20 C.F.R. § 404.408(d).

On appeal to this court, plaintiff does not challenge the Law Judge's mathematical calculations in determining the amount of overpayment. Instead, Mr. Butcher argues that a certain portion of the workers' compensation settlement was intended to pay for future medical expenses, and not as compensation for lost wages. However, the terms of the workers' compensation settlement belie this argument. The agreement specifically provides that the sum paid is intended as compensation for lost wages, and that no part of the settlement is intended as compensation for past or future medical expenses. (TR 36-38). The court believes that the Administrative Law Judge properly limited his consideration of the issue to the language of the agreement. The court concludes that the Administrative Law Judge and the Commissioner properly determined that plaintiff received a windfall in the amount of $46,596.50, and that this amount now constitutes an overpayment of social security benefits.

In summary, the court finds substantial evidence to support the final decision of the Commissioner that Mr. Butcher has been overpaid social security disability benefits in the

4

amount of $46,596.50. Accordingly, the Commissioner's final decision must be affirmed. <u>Laws</u>

<u>v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day. The court

notes that the final decision of the Commissioner, and the opinion of the court, do not adjudicate

any issue as to the propriety of recovery of the overpayment. Mr. Butcher may petition the Social

Security Administration to waive recovery of the overpayment, if he is so advised.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This *11th* day of May, 2005.

_____
United States District Judge

Case 7:04-cv-00397-GEC  Document 16  Filed 05/11/05  Page 5 of 5  Pageid#: 44